IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA M. HILL,                              )<br>          Plaintiff,                        )<br>                                             )<br>    vs.                                      )<br>                                             )<br>JAMES BARNACLE, et al.,                      )<br>          Defendants.                        ) | Civil Action No. 12-1145 |

MEMORANDUM OPINION AND ORDER

Plaintiff, Donna M. Hill, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that her rights were violated when Defendants suspended her visiting privileges and confiscated the mail she sent to her husband, incarcerated prisoner Dwayne Hill, and his outgoing mail to her was confiscated. Named as Defendants are several prison officials assigned to the State Correctional Institution at Houtzdale, Pennsylvania (SCI Houtzdale): Superintendent Steven Glunt, Deputy Superintendent for Facilities Management David Close, Deputy Superintendent for Centralized Services Kenneth Hollibaugh, chief security and intelligence officer Captain Brumbaugh and mail inspector supervisor Heather Moore. In addition, she has sued James Barnacle, the Director of the Office of Special Investigations and Intelligence for the Department of Corrections (DOC).

Currently pending before the Court is a motion to dismiss, filed by the Defendants. It requests that this action be dismissed based on the doctrine of abstention, because Plaintiff has already filed a case in state court concerning the same subject matter. For the reasons that follow, the motion will be granted.

Facts

Plaintiff is a United States citizen and a resident of the Commonwealth of Pennsylvania.

Her husband, Dwayne Hill, is an inmate currently incarcerated at SCI Houtzdale. (Compl. ¶ 3.) She alleges that she received reports from her husband that he had been sexually fondled by an officer and his complaints about this abuse were rejected; that she received correspondence from him that the mental health unit stopped giving him medication and stopped seeing him for counseling sessions; that they removed him from Z-code (single cell) status after he had been living in a single cell for approximately 20 years; that when they put him in a double cell he could not handle it and set a mattress on fire, which resulted in him being sent to the Restricted Housing Unit (RHU); that in response, she conducted a letter campaign, writing to various news media outlets, state law makers and prison officials out of concern for her husband's health and safety; that she received a report that he had been assaulted by staff on April 5, 2012 and later that month she received reports that he was being denied mental health treatment; that most of his personal property had been confiscated or stolen by staff; that he was held in a stripped cell for almost a month and denied all hygiene practices, that staff had been spitting in his food and had placed disinfectant in his food and denied him medical treatment based on attempts at acute poisoning, but when he filed a grievance, they twisted his words around and denied it; that she traveled to SCI Houtzdale on April 12, 2012 to visit him only to be informed that her visiting privileges were suspended; that a week later she received correspondence from Glunt stating that her privileges were revoked pending an investigation by Captain Brumbaugh; that she learned through other correspondence that her mail privileges had been suspended as well; that on June 19, 2012, she filed a "writ of mandamus" in the Commonwealth Court seeking an order directing Defendants to explain her suspension and return or deliver her mail; that four days after the motion to proceed in forma pauperis was granted she received correspondence from Glunt stating that her visiting privileges had been suspended indefinitely; and that Defendants gave no

reason for their actions.  (Compl. ¶¶ 10-20 & Exs. 2-11.)

Procedural History

Plaintiff initiated this action by filing a motion to proceed in forma pauperis on August 10, 2012 (ECF No. 1).  The motion to proceed IFP was granted on August 13, 2012 and the complaint was filed that same day (ECF No. 3).  The Complaint alleges that Defendants violated her rights to intimate association by suspending her visitation privileges in retaliation for her investigation and complaints about her husband's treatment; that they violated her right to be free from cruel and unusual punishment; and that they violated her property interest in her mail.  As relief, Plaintiff seeks: an injunction restraining Defendants from enforcing the suspension and restoring full visiting privileges; compensatory damages; punitive damages; and such other relief as it may appear that she is entitled to receive.

On November 6, 2012, Defendants filed a motion to dismiss.  Plaintiff filed her brief in opposition on December 4, 2012.

Standard of Review

The Supreme Court recently issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).  The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

"Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "Courts ruling on Rule 12(b)(6) motions may take judicial notice of public records." Anspach ex rel. Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007). Thus, the exhibits attached to Plaintiff's complaint (her letters to the prison, her husband's grievances, the letters advising her that her visitations rights had been suspended) and the exhibits attached to the Defendants' motion to dismiss (a docket sheet from the Commonwealth Court indicating that Plaintiff has brought suit against the DOC and her Amended Petition for Review in Case No. 419 MD 2012) (ECF No. 13 Exs. 1, 2), may be considered without converting the motion into a motion for summary judgment.

Defendants argue that the Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). Plaintiff contends that this Court may retain this case

even while the parallel case proceeds in state court.

<u>Younger Abstention</u>

As summarized by the Court of Appeals for the Third Circuit:

> In certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding. See <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 437, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). However, such abstention is appropriate only when the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir. 2005).

<u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 670 (3d Cir. 2010) (footnote omitted).

Defendants contend that there are ongoing state proceedings (namely Plaintiff's Petition for Review in the Commonwealth Court), that the state proceedings implicate important state interests and that they afford her an adequate opportunity to raise her federal claims (indeed she has done so). The first and third prongs are plainly met, and Plaintiff does not contend otherwise. See ECF No. 13 Ex. 2 at 1, 4 (raising First, Fourth, Eighth and Fourteenth Amendment claims in her Commonwealth Court petition).

The only question is whether important state interests are implicated. Defendants contend that courts have consistently found that states have a compelling interest in the safety and security of their prisons, including the issue of visitors. See <u>Overton v. Bazzetta</u>, 539 U.S. 126 (2003) (certain prison regulations involving visitation did not violate prisoners' rights to substantive due process, free association or right to be free from cruel and unusual punishment); <u>Torres v. Fauver</u>, 292 F.3d 141, 144 n.2 (3d Cir. 2002) (referring to the "strong state interest in internal prison administration").

The factors of <u>Younger</u> abstention have been met and therefore the case will be

dismissed. In addition, the Court notes that Plaintiff does not appear to have stated a claim upon which relief could be granted in any event.

The Supreme Court has held that "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence and therefore is not independently protected by the Due Process Clause." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (citation omitted). Non-prisoners have a coextensive right to reach out to those who are incarcerated, but not greater rights. See Thornburgh v. Abbott, 490 U.S. 401, 410 n.9 (1989) (rejecting magazine publishers' argument that they had more rights than those of the prisoners themselves); Neumeyer v. Beard, 301 F. Supp. 2d 349, 351 (M.D. Pa. 2004) (noting that "it is well-settled that there is not a constitutional right to visitation for convicted prisoners, their family and spouses.") (footnote and citations omitted), aff'd, 421 F.3d 210 (3d Cir. 2005)); Hill v. Washington Dep't of Corrections, 628 F. Supp. 2d 1250, 1263 (W.D. Wash. 2009) (same); Harris v. Murray, 761 F. Supp. 409, 412 (E.D. Va. 1990) (same).

The Court takes judicial notice of the fact that Plaintiff is well aware of this statement of the law, because it was recently addressed in a nearly identical case she filed in the Middle District of Pennsylvania. In Pfender v. Secretary Pa. Dep't of Corrections, 2011 WL 680203 (M.D. Pa. Feb. 16, 2011), aff'd, 443 Fed. Appx. 749 (3d Cir. 2011), cert. denied, 132 S.Ct. 2403 (2012), Plaintiff (then named Donna Pfender) was barred from visiting any state correctional institution from 2008 to January 7, 2011 after her then common-law husband, Dwayne Hill, was found to be in possession of a satellite photograph showing a complete aerial view of SCI Huntingdon's layout, which could have been used as an implement of escape. After confirming that the due process clause does not provide an interest in prison visitation and noting that Plaintiff made no showing that Pennsylvania law created a protected liberty interest in visiting

privileges, the Court of Appeals held that any right that might exist was necessarily circumscribed by the need to afford deference to prison officials in the exercise of their professional judgment. The court concluded that the suspension imposed on Plaintiff was reasonably related to legitimate penological interests. 443 Fed. Appx. at 752 (citing Turner v. Safely, 482 U.S. 78, 89 (1987)).

Based upon this case, Plaintiff is aware that she cannot state a cognizable due process claim for relief arising out of the suspension of her visitation privileges. Her attempt at reframing her claim as one of First Amendment retaliation may well be an attempt to plead around the holding of the Court of Appeals in Pfender. The Court need not conclusively resolve this issue, however, as Defendants' motion to dismiss on the grounds of Younger abstention will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA M. HILL,<br>        Plaintiff,<br><br>vs.<br><br>JAMES BARNACLE, et al.,<br>        Defendants. | Civil Action No. 12-1145 |

ORDER

AND NOW, this 3rd day of January, 2013, for the reasons stated above,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants (ECF No. 13) is granted.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the plaintiff desires to appeal from this Order she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

                                                          s/Robert C. Mitchell_____
                                                          ROBERT C. MITCHELL
                                                          United States Magistrate Judge

cc:    Donna M. Hill
        348 Country Club Road
        Apt. 2
        Washington, PA 15301-2712